IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROGER ERVIN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-3964 |
| WEXFORD | * | |
| Defendant | * | |
| | *** | |

### MEMORANDUM

On December 8, 2016, plaintiff Roger Ervin mailed correspondence to the court that concerns a prior civil rights case, Civil Action ELH-15-2263, as well as the circumstances surrounding his conviction. ECF 1.

Ervin's prior civil case was closed on August 18, 2016, after the defendants' motion to dismiss or for summary judgment was granted. *See Ervin v. Ottey, et al.*, Civil Action ELH-15-2263 (D. Md.) at ECF 27 & 28. Ervin did not note an appeal in that case, but in his letter he alleges that defendants lied in documents filed with this court and continues to state that the diagnosis provided is incorrect. Unless Ervin can express a new claim based on facts arising after the termination of Civil Action ELH-15-2263, the matters asserted regarding his medical care cannot be raised in a new civil action.

Where there has been a final judgment on the merits in a prior suit; an identity of the cause of action in both the earlier and the later suit; and an identity of parties or their privies in the two suits, *res judicata* is established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F. 3d 243, 248 (4th Cir. 2005). The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See*

*Meekins v. United Transp. Union*, 946 F. 2d 1054, 1057 (4th Cir. 1991). In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F. 2d 355, 359 (4th Cir. 1989)).

Although Ervin's correspondence references the closed civil case, most of the correspondence addresses his conviction and alleges certain deficiencies in the trial process as well as defense counsel's performance. ECF 1. If Ervin intends to challenge the validity of his conviction he may do so by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, provided he has exhausted all claims he intends to raise in the state courts.[1]

To the extent Ervin wishes to raise a new civil rights claim, distinct from his earlier case, he may do so using pre-printed forms for filing a claim pursuant to 42 U.S.C. §1983. In supplementing the claim, Ervin is reminded to include the names of individuals whom he claims are responsible for the alleged wrongdoing; the dates of the alleged incidents; and the facts supporting his claim. He is also reminded that case law citations or submission of exhibits with the Complaint are not required.

As the Court has suggested, it is unclear whether the intent of Ervin's correspondence is to file a new civil rights claim regarding medical care, or to file a habeas corpus petition challenging his conviction. Therefore, he will be provided an opportunity to clarify his intent and forms will be provided to him for his use in clarifying the claims he intends to pursue. Ervin

---

[1] When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

is forewarned that failure to file a supplemental pleading clarifying the matters asserted will result in dismissal of this case, without further notice, and without prejudice. An Order follows.

___12/27/2017___  
Date

___/s/___  
Ellen L. Hollander  
United States District Judge

is forewarned that failure to file a supplemental pleading clarifying the matters asserted will result in dismissal of this case, without further notice, and without prejudice. An Order follows.

___12/27/2017___  
Date

___/s/___  
Ellen L. Hollander  
United States District Judge