# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROGER ERVIN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-3964 |
| WEXFORD, *et al.* | * | |
| Defendants | * | |

***

## **MEMORANDUM**

Roger Ervin, who is self-represented, is incarcerated at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland. He has filed suit under 42 U.S.C. § 1983 against a host of medical and correctional defendants.

Among the motions pending in the above-captioned case is plaintiff's recent motion to stay. ECF 46. In it Ervin seeks a stay to permit him to file an opposition response to the pending motions to dismiss or for summary judgment. He states the stay is needed so that he will have time to recover from planned eye surgery and also because he has been assigned to administrative segregation and does not have access to legal materials. *Id*.

Notwithstanding plaintiff's statements that he is unable to write or file an opposition response, he has filed four pieces of correspondence[1] that include exhibits, and which address his arguments as to why defendants are not entitled to judgment in their favor. ECF 47 – ECF 50.

The last piece of correspondence from plaintiff is written in the form of an affidavit and does not appear to be written in plaintiff's handwriting. ECF 50. In that correspondence

---

[1] Much of the correspondence filed by plaintiff is addressed to me personally. ECF 47, 48, & 49. Plaintiff is advised that any document sent to this court pertaining to this case must be docketed on the court's electronic docket and will be available for review by all parties in the case as well as the general public. Ex parte communication, *i.e.*, private communication with the presiding judge in an active case, is generally prohibited.

plaintiff renews his motion for preliminary injunction requiring the medical defendants to provide him with needed eye surgery and for a transfer to Jessup Correctional Institution ("JCI"). *Id.*; *see also*, *e.g.*, ECF 7; ECF 12.

For the reasons set forth below, plaintiff's motion for stay and motion for preliminary injunction will be denied. But, I will grant an extension of time to plaintiff to file an opposition to the pending dispositive motions.

## I. Background

As noted, plaintiff is incarcerated at NBCI. In his Complaint (ECF 1), and his supplement (ECF 5), and in a motion for extension (ECF 12), plaintiff alleged that he required sinus surgery and eye surgery, both of which would be performed at a facility in Baltimore City. He claims that each time he is scheduled for a procedure he is transferred to JCI in Jessup, Maryland. Further, he asserts that every time he is temporarily transferred for purposes of a medical procedure his prescribed medications are not sent with him. In addition, he claims that the failure to provide him with the prescribed eye drops for his glaucoma is endangering his vision, and that he is at risk of dying if he develops a sinus infection because the infection could enter his brain through a hole in his eye. The injunctive relief he requests is a transfer to JCI so that the issue concerning continuity in receipt of prescription medication can be resolved. *See* ECF 1, 4, 5, 12.

By Order dated February 9, 2017 (ECF 13), I required counsel for the medical defendants and for the Division of Correction to show cause why plaintiff's request for injunctive relief should not be granted. *Id.* The responses to the Order, supported by affidavits and verified records, have been received. ECF 20 and ECF 21.

Medical defendants respond that plaintiff has two medical issues that require surgery and his temporary transfer to JCI. The first surgery involved correction of a deviated septum and hypertrophy of the nasal turbinates.[2] He underwent the surgical procedure on January 24, 2017. ECF 21-3 at 3, 12. On the day after the surgery, an antibiotic (azithromycin) was ordered and plaintiff was seen by Dr. Mahboob Ashraf, who noted that plaintiff was observed in the JCI infirmary for 23 hours following the surgery and he did not voice any medical complaints during that time. ECF 21-3 at 7 – 10, 29. Plaintiff was discharged from the infirmary to NBCI general population on January 26, 2017. *Id*. at 29.

The second surgery that plaintiff requires is for treatment of "angle recession glaucoma" of his left eye. ECF 21-3 at 14. Plaintiff underwent surgery for the same condition in 2008, but it failed to correct the problem. Dr. Paul Goodman recommended that plaintiff undergo cataract removal surgery and tube shunt insertion in his left eye in a consultation note dated January 19, 2017. On February 22, 2017, plaintiff arrived at JCI for eye surgery that was scheduled for the following day; however, he refused the eye surgery because "he felt he wasn't healed from the last surgery he had on his nose." *Id*. at 18, 20. There is no indication that plaintiff was concerned about medication that was not sent with him on his transfer to JCI. *Id*. at 31.

The Division of Correction defendants assert that the injunctive relief should be denied because plaintiff is a maximum security inmate serving a sentence of life plus a consecutive 20 years for first degree rape, a violent felony. ECF 20-1 (Declaration of John White, Case Management Specialist). Such inmates are ineligible for placement into prisons that are not

---

[2] Turbinate hypertrophy is the chronic enlargement of the blood vessels in the tissue lining of turbinates, which are spongy bone structures that protrude into the nasal passages and direct airflow inside the nose. Turbinates are covered with respiratory epithelium, a tissue that helps clean and humidify air that passes through the nose. *See* http://dfwsinus.com/nasal-airway-obstruction/nasal-turbinate-hypertrophy/.

maximum security facilities, like JCI. *Id*. Further, they report that the procedure for ensuring that prescribed medication accompanies the inmate on a temporary transfer is partially the responsibility of correctional and medical staff and partially the responsibility of the inmate himself. *Id*.

Medications that are dispensed to plaintiff on a daily basis by medical staff are packed and sealed in a package by medical staff and the transportation correctional officer picks them up prior to leaving the facility. ECF 20-2 (Declaration, Donald Gulick, Transportation Coordinator); ECF 21-2 (Affidavit of Mercy Addai, RN). Correctional staff are not privy to the contents of those sealed packages. ECF 20-2. The medication that plaintiff is provided to keep with him, designated as "keep on person" or "KOP", is kept in his cell and it is his responsibility to bring that medication with him. ECF 21-4 (Affidavit of Krista Bilak, RNP). Neither correctional nor medical staff enter the inmate's cell to determine if appropriate medications are being brought with the inmate on the transfer. *Id*.

In plaintiff's case the KOP medications for which he is responsible include the eye drops that he asserts are crucial to saving his eyesight because they control the pressure in his eyes. ECF 21-4 at 3. Thus, to the extent that plaintiff did not have the eye drops with him on a particular trip, it was not the result of a deliberate act by correctional or medical staff. Rather it was plaintiff's failure to provide the eye drops to nurses prior to his transportation. *Id*. Despite that fact, efforts were made to provide the missing medications to plaintiff when he arrived at JCI without them. ECF 21-2 at 2, ¶¶ 7 & 8.

## II. Standard of Review

A preliminary injunction is an "extraordinary and drastic remedy." *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate:

4

1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

### III. Discussion

Plaintiff has failed to establish that the requested injunctive relief, *i.e.*, transfer to JCI, requested is necessary to insure his adequate medical care. Indeed, it appears that plaintiff has changed his position in light of the evidence produced by defendants and now asserts that NBCI is a dangerous prison for a man his age (55 years old) with his health conditions; the ENT doctor ordered him to be single-celled after the sinus surgery until he receives a post-operative appointment; and he requests an order from this court requiring prison officials to abide by all medical orders issued by the ENT doctor. ECF 16 (motion to amend complaint). Plaintiff states he sent a copy of the doctor's order requiring his confinement to a single cell to this court[3] and that because he could not produce his copy of the order, he was placed on disciplinary lock-up. Further, he insists that delays in providing him with eye surgery are increasing the possibility that he will permanently lose all or part of his vision. Although plaintiff asserts his sinuses are infected, the only symptom plaintiff claims to suffer is nosebleeds. Further, the signed document

---

[3] Although an outside doctor may certainly recommend a single-cell assignment, this court may defer to the expertise of correctional officials and those charged with caring for inmates when considering matters such as cell assignments.

indicating he was declining eye surgery does not indicate that he was doing so because he had a sinus infection.[4]

Plaintiff's concerns regarding his housing status, the safety of NBCI for a man of his age and health status, and the proximity in time of the sinus surgery with the eye surgery appear to be based on his subjective fears and remain unsupported by objective evidence. Such fears are not a cognizable basis for an extraordinary remedy such as a preliminary injunction.

In light of the objective evidence provided by defendants, which establishes that plaintiff's life is not endangered by the delay in eye surgery, and at least a portion of the delay in providing plaintiff with the eye surgery, is due to his own decision to delay it, plaintiff's request for preliminary injunctive relief shall be denied.

Plaintiff was granted an extension of time to and including May 28, 2017, in which to file his opposition response. ECF 31. However, plaintiff will be granted an additional period of time, to and including June 26, 2017. His motion for stay shall otherwise be denied.

A separate Order follows.

May 26, 2017                     _____/s/_____
Date                                       Ellen L. Hollander
                                                United States District Judge

---

[4] Defendants suggest that plaintiff declined the initial surgical date because it would require his transfer to JCI again and seemingly strengthen his claim that a permanent transfer to JCI is warranted. ECF 20.