# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ROGER ERVIN                    *

Plaintiff                      *

v                              *          Civil Action No. ELH-16-3964

WEXFORD, *et al.*              *

Defendants                     *

***

# MEMORANDUM

Plaintiff Roger Ervin has again filed motions seeking to stay these proceedings or for an extension of time and for discovery. ECF 55; ECF 57; and ECF 58. Ervin seeks discovery for purposes of opposing defendants' pending motions for summary judgment.

Rule 56(d) of the Federal Rules provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts to justify its opposition, the court may:

(1) Defer considering the motion or deny it;
(2) Allow time to obtain affidavits or declarations or to take discovery; or
(3) Issue any other appropriate order.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2012). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)); *see Putney v. Likin*, 656 Fed. App'x 632, 638 (4th Cir. 2016); *McCray v. Maryland Dep't of Transportation*,

741 F.3d 480, 483 (4th Cir. 2015). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

"[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011), *rev'd on other grounds by Gardner v. Ally Financial Incorporated*, 514 Fed. App'x 378 (4th Cir. 2013) (per curiam), (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

Ervin seeks discovery as follows: a copy of his entire medical record from January 2013 to the present; requests for admissions from medical defendants verifying the authenticity of dates and times orders were issued by hospital physicians and whether the orders were followed; request for production of documents to include copies of regulations, policies, and procedures governing protocol for how medical orders are authenticated and handled, and how orders and prescriptions from outside hospitals are followed; and depositions of defendants to "resolve a number of inaccuracies in their allegations." ECF 57-1 at 2. Ervin adds that he needs

to question the defendants as to whether his medications were arbitrarily stopped, why they were stopped, and who ordered them stopped. *Id*. at 3.

The claims raised by Ervin in his complaint, as supplemented, concern an allegation that on August 16, 2016, Ervin was transferred to another prison for a medical appointment and was not provided prescribed medication during his stay there; that the failure to provide those medications on medical transfer trips is a pattern that demonstrates deliberate indifference to Ervin's serious medical needs; that he is being denied surgery for glaucoma; he was denied access to courts when his mail was not processed in a timely manner; correctional officers retaliated against him by generating fraudulent charges to place him on segregation on June 29, 2016; and correctional officers refused to honor medical orders. ECF 5; ECF 16.

On December 27, 2016, this court dismissed Ervin's claims concerning his medical care, on the basis of *res judicata*, because they were the subject of a prior civil action. *See* ECF 2; ECF 3; *see also Ervin v. Ottey, et al.*, Civil Action ELH-15-2263 (D. Md.). Ervin was advised that the instant complaint would only be permitted to go forward on claims that had arisen since the prior suit had been litigated. ECF 2 at 1 – 2. Thus, Ervin's request for his medical records dating back to January of 2013 is too broad, but the request as it pertains to records dating to August 16, 2016, is relevant. Therefore, defendants will be required to provide Ervin with those records that have not already been provided to him as exhibits in support of their dispositive motion.

With respect to Ervin's requests to depose defendants and to serve them with interrogatories, requests for admissions, and requests for documents pertaining to policies, Ervin has not adequately described evidence relevant to the claims asserted that might be gleaned from such discovery requests. The stated purpose for these discovery requests is vague and overly

broad.  The only issue concerning a policy that was raised in the complaint is related to the temporary transfer of prisoners to another prison for purposes of medical appointments and that issue was addressed by defendants when they responded to this court's order to show cause why Ervin's request for injunctive relief should not be granted.  *See* ECF 20; ECF 21.  Ervin is also reminded that the cost of depositions,[1] as well as other discovery costs, must be borne by the party conducting the discovery.

Moreover, the district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255 ("Credibility determinations . . . are jury functions, not those of a judge. . . ."); *Guessous v. Fairview Prop. Inv., LLC,* 828 F.3d 208, 216 (4th Cir. 2016).  Thus, the trial court may not make credibility determinations on summary judgment.  *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006).

This court acknowledges its duty to construe liberally pro se pleadings and to permit self-represented parties additional time in which to prepare and file such pleadings.  *See Cruz v. Beto*, 405 U.S. 319 (1972) (pro se complaints held to less stringent standards); *Haines v. Kerner*, 404 U.S. 519 (1972).  But, Ervin's continued requests for stay and the current broad-reaching, vague requests for discovery have begun to border on improper dilatory tactics.  Defendants filed their motions on March 21, 2017 (ECF 25) and April 20, 2017 (ECF 34).  Ervin has sought and received five extensions to respond. ECF 12 (motion); ECF 13 (Order granting extension); ECF 29 (motion); ECF 31 (Order granting); ECF 35 (motion); ECF 37 (Order granting); ECF 46

---

[1] Depositions require the presence of a stenographer or other means of recording the proceeding.

(motion); ECF 51; and ECF 52 (Memorandum and Order, granting in part); ECF 53 (motion); ECF 54 (Order). The current request is Ervin's sixth request for additional time despite having filed an affidavit in support of the complaint (ECF 45) and correspondence addressing the dispositive motions. ECF 47; ECF 48; ECF 49.

Under Fed. R. of Civ. Proc. 41(b) a complaint may be dismissed with prejudice for failure to prosecute, upon motion of a defendant. Such dismissal is permissible on consideration of "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). It is incumbent on this court, however, to warn Ervin that continued attempts to delay the litigation of this case may result in such a sanction. *See Zaczek v. Fuquier County, Va.*, 764 F.Supp. 1071, 1078 (E.D. Va. 1991).

Ervin is hereby forewarned that dismissal of the complaint, without addressing the merits of the claims asserted, is a possibility if it becomes evident that his requests for extensions of time and for a stay of the proceedings are not made in good faith, but are instead dilatory tactics.

A separate Order follows.


August 14, 2017 \_\_\_\_\_/s/_____
Date                              Ellen L. Hollander
                                  United States District Judge