# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROGER ERVIN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-3964 |
| WEXFORD, *et al.* | * | |
| Defendants | * | |

***

## **MEMORANDUM**

On February 1, 2018, defendants' motion to dismiss or for summary judgment was granted and judgment was entered in their favor in this civil rights case. ECF 68 & 69. Plaintiff Roger Ervin filed a Motion for Reconsideration on February 16, 2018 (ECF 71), which he supplemented on February 23, 2018. ECF 72. He seeks reconsideration of this court's grant of judgment in favor of the medical defendants. Defendants oppose the motion because it fails to assert a basis for relief under Fed. R. Civ. Proc. 60(b). ECF 73.

Because Ervin filed his motion within 28 days of the date of the dispositive decision it is construed as one filed pursuant to Fed. R. Civ. Proc. 59(e). *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010), citing *Small v. Hunt,* 98 F.3d 789, 797 (4th Cir.1996) (where post-judgment motion is filed within time limit for Rule 59(e) (28 days), Rule 59(e) governs, not Rule 60(b)). For the reasons that follow, the motion must be denied.

A motion to alter or amend is governed by Fed. Rule of Civ. Proc. 59(e) and "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F. 3d 403, 411 (4th Cir. 2010). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994

F. 2d 1076, 1082 (4th Cir. 1993). The rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp*., 51 F.3d 746, 749 (7th Cir. 1995).

Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. *See Russell*, 51 F.3d at 749; *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir.1993); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir.1992); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990); *see also In re: Reese*, 91 F.3d 37, 39 (7th Cir.1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'") (quoting *Frietsch v. Refco, Inc*., 56 F.3d 825, 828 (7th Cir.1995)); 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir.1996) (quoting *RGI, Inc. v. Unified Indus., Inc*., 963 F.2d 658, 662 (4th Cir.1992)). In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (citing Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)).

Ervin states he was under the impression that this court had stayed consideration of the motion filed by the medical defendants until after he had received both sinus and eye surgery,

admits he has had both surgeries, but states the eye surgery was unsuccessful. ECF 71 at 1. Further, he claims that he was "under the impression" that this court would not rule on the dispositive motion until "full disclos[ure] of discovery was made." *Id*. He adds that the medical defendants claimed to provide him with a full copy of his medical record, but disputes that what he was given was the full record. *Id*. Missing from the records provided were "the surgery report of the sinus or eye surgery . . . [and] the report from the neurologist." *Id*.

In addition, Ervin claims that there are genuine disputes of material fact regarding medication prescribed to him by a specialist. *Id*. at 3. He reasons that because he was referred to a specialist, *i.e.*, a neurologist, the medical defendants deferred to his opinion. *Id*. Ervin also contends that the medical defendants' failure to provide him with prescribed eye drops after his surgery contributed to the rejection of the tube in his eye. *Id*. Ervin asserts: "Surely it's deliberate indifference for the medical defendants to interfere with the prescribed treatment of a specialist." *Id*.

Ervin includes administrative remedy procedure ("ARP") complaints in support of his claim that specialist's orders are not observed. The first is an ARP dated January 2, 2018 (NBCI-0131-18), concerning his claim that he is to be provided with a lower level shower (ECF 71-5 at 1-2); the second is an ARP dated August 31, 2017 (NBCI-2096-17), concerning his claim that he should be provided a medical shower (ECF 71-5 at 3-4). Neither ARP was submitted by Ervin in opposition to defendants' motion.

In his supplemental motion for reconsideration, Ervin provides yet another ARP (NBCI-2441-17) which he states was submitted November 1, 2017, but was not given a response until February 12, 2018. ECF 72-1. The ARP concerns Ervin's allegation that "the medical department still are not refilling my eye drop orders;" that he still has nosebleeds and vomits up

3

his food; and that the ENT put him on "single cell status until my follow up with her at Mercy Hospital in July of 2017 but this Medical Department here claims they don't follow outside Doctor's orders." *Id*. at 2. The response to the ARP indicates that Ervin's claim is meritorious in part because he was ordered eye drops on September 28, 2017, but a "non-formulary" was not completed until October 24, 2017; and because he was ordered nasal spray and pain medication on July 17, 2017, but did not receive the nasal spray. *Id*. at 1. Further, the response indicates that Ervin received the eye drops and that during the time he did not receive the prescribed pain medication in question, he was on other pain medication and was therefore not harmed. *Id*.

Ervin's statements regarding a stay of this case are without any basis in fact. Ervin's motion to stay (ECF 46) was construed as a motion for extension of time and he was granted to and including June 26, 2017, to file his opposition response; the motion was otherwise denied. ECF 51; ECF 52. Subsequent motions to stay and for extensions of time (ECF 55; ECF 58) and for discovery (ECF 57) were also addressed by this court. *See* ECF 60; ECF 61. The court provided defendants with 21 days to provide *relevant* medical records to Ervin, denied his request that defendants provide him with records predating the issue at hand,[1] and granted Ervin 21 days thereafter to file his opposition. ECF 61.

In the court's Memorandum (ECF 60) addressing Ervin's multiple motions, this court noted that Ervin's "continued requests for stay and the current broad-reaching, vague requests for discovery [had] begun to border on improper dilatory tactics." ECF 60 at 4. Further, Ervin had made six requests for "additional time despite having filed an affidavit in support of the complaint (ECF 45) and correspondence addressing the dispositive motions. ECF 47; ECF 48;

---

[1] Ervin's request to depose defendants and to serve them with interrogatories, requests for admissions, and requests for documents pertaining to policies, was denied because he had not adequately described evidence relevant to the claims asserted that might be gleaned from such discovery requests. ECF 60 at 3.

ECF 49." ECF 60 at 5. Ervin was then forewarned that any continued attempts to delay the litigation of this case may result in sanctions, as set forth under Fed. R. of Civ. Proc. 41(b). *Id.* In short, the court provided Ervin with ample opportunity to fully oppose the dispositive motions filed and ensured that Ervin received medical records relevant to his claim.[2] *See* ECF 63 (status report from defense counsel indicating medical records were provided). His claim in the pending motion for reconsideration, to the effect that this court acted prematurely in granting summary judgment in favor of defendants, is simply without any support in the record of this case.

With respect to the "evidence" Ervin provides, it is not evidence that was discovered after the entry of judgment in favor of defendants and therefore does not present a basis for relief under Rule 59(e). His assertion that the existence of a recommendation from a doctor at Mercy Hospital regarding his cell assignment is proof that the medical defendants were deliberately indifferent to a serious medical need is a claim he raised in this case, and it was rejected. *See* ECF 51 at 5, n. 3 (noting an outside doctor's recommendation does not usurp the expertise of correctional officials). The matters regarding delays in delivery of medication were also considered in the context of the motions for summary judgment. *See* ECF 68 at 7 (addressing request to reinstate all medications); *id.* at 33 (noting that undisputed, verified medical records offer no support for Ervin's claims he was denied post-operative care).

Ervin's disagreement with this court's analysis and conclusions based on the evidence before it is not a sufficient basis to alter or amend the court's decision. The motion fails to establish grounds for relief under Rule 59(e) and must be denied.

---

[2] The records Ervin notes as "missing" pertain to matters occurring well after the matters asserted in the Complaint, and Ervin does not proffer how those documents impact the outcome of this case.

An Order follows.

Date: March 9, 2018                              /s/
                                         Ellen L. Hollander
                                         United States District Judge